UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN T. SOLOMON,

       Plaintiffs,

       CASE NO. 1:08-CV-858

v.

       HON. ROBERT J. JONKER

MICHIGAN STATE POLICE, et al.,

       Defendants.
_____/

## ORDER ADDRESSING
## REPORTS AND RECOMMENDATIONS

### Background

Plaintiff Solomon is an inmate in the custody of the Michigan Department of Corrections. In August of 2007, Plaintiff was charged within the prison system of committing the major misconduct of a sexual assault on another prisoner. MDOC placed Plaintiff Solomon in administrative segregation while the Michigan State Police investigated the matter. After a lengthy investigation, the complaining witness recanted the claim of a sexual assault, but continued to maintain that a sexual encounter occurred between Plaintiff Solomon and another prisoner. Plaintiff Solomon evidently agreed because he pleaded guilty in March of 2009 to a reduced charge of sexual misconduct involving consensual sex between two prisoners.

Plaintiff's claims in this civil rights action arise out of Defendants' alleged mishandling of the investigation and prosecution of these internal prison charges. Plaintiff asserts claims against two groups of defendants: 1) the State Police Defendants; and 2) the MDOC Defendants. Plaintiff claims that the Michigan State Police and its Detective Stasiak delayed seeking a warrant for

Plaintiff's DNA as part of a conspiracy to delay the investigation and keep Plaintiff in administrative segregation. Plaintiff claims that the remaining 13 Defendants–all MDOC employees–conspired to charge him with sexual assault in the first place, and then to deny a series of Plaintiff's grievances, all in retaliation for his filing of grievances and lawsuits against MDOC employees.

The State Police Defendants moved to dismiss Plaintiff's claims based on the Eleventh Amendment and on a failure to state the essential elements of a retaliation claim against Detective Stasiak personally. The MDOC Defendants moved to Dismiss or for Summary Judgment based on the theory that Plaintiff failed to exhaust his administrative remedies, and that Plaintiff failed to state a claim against several Defendants based on nothing more than their simple denial of grievances. The MDOC Defendants also moved for Rule 11 sanctions against Plaintiff based on his submission to the Court of a document that had been adjudicated a forgery in an MDOC misconduct proceeding. Plaintiff moved for entry of default judgment against all MDOC Defendants, and for a TRO directing the United States Marshals to enter the MDOC facility and seize material evidence that Plaintiff asserted the Defendants would destroy.

The Magistrate Judge issued two Reports and Recommendations addressing all pending motions. In the first Report and Recommendation (docket # 45), the Magistrate Judge recommended denial of Plaintiff's Motion for a TRO. Plaintiff objected to the Report and Recommendation (docket # 49). In the second Report and Recommendation (docket # 51), the Magistrate Judge recommended granting the motion of the State Police Defendants, denying the exhaustion portion of the MDOC Defendants' motion, but granting the failure to state a claim portion of the MDOC Defendants' motion in favor of some of the MDOC Defendants. In addition, the Magistrate Judge recommended granting the defense motion for Rule 11 sanctions, and imposing as the sanction

dismissal with prejudice of Plaintiff's entire case. Finally, the Report and Recommendation recommended denial of Plaintiff's Motion for Default Judgment against the MDOC Defendants. Plaintiff filed objections (docket # 55), and a separate request for leave to file a supplemental complaint (docket # 52). Defendants filed no objections to the Report and Recommendation.

**Summary of Decision**

Under the Federal Rules of Civil Procedure, when a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Reports and Recommendations themselves; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation on the TRO issue (docket # 45) is factually sound and legally correct, and that the Report and Recommendation on the merits (docket # 51) is factually sound and legally correct in all but its treatment of the Defendants' Rule 11 motion. The Court believes the Defendants' Rule 11 Motion is procedurally

3

and substantively flawed, and that a sanction of dismissal with prejudice of Plaintiff's entire case would be too severe a sanction in any event. Accordingly, the Court will adopt all of both Reports and Recommendations, except the Rule 11 analysis.

This will result in dismissal of all claims against the State Police Defendants; all claims against Defendants Carpenter, Johnson, Stoddard and Armstrong; and the denial of grievance claims against Defendant McKee. The case will continue on the other claims in Plaintiff's original complaint against Defendant McKee and the other MDOC Defendants. In addition, the Court will deny Plaintiff's Motion to Supplement his complaint (docket # 52) because the proposed supplemental information involves claims of conduct that occurred after this lawsuit was filed and that involve some overlapping parties, but also a significant number of entirely new parties. This is not a proper amendment within the scope of Rule 15. Rather, it is essentially a new lawsuit that must be filed and treated as such.

**Report and Recommendation re TRO**

The Magistrate Judge properly concluded that Plaintiff's Motion for a TRO is procedurally and substantively flawed. It is procedurally flawed because it does not contain the sworn information required by Rule 65. Plaintiff's objections do not address this deficiency. Plaintiff did include with his objection a document entitled "Affidavit," but it is not a true affidavit because it is not submitted under oath or subject to penalty of perjury. Moreover, it does not recite specific factual allegations, in any event. Rather, it simply asserts that Plaintiff is competent to testify to the matters addressed in his moving papers. That falls short of the verification requirements necessary to support a request for TRO. Moreover, even if Plaintiff cured this deficiency, he has not made a persuasive case for the extraordinary TRO he requests. In fact, it is hard to imagine the kind of

factual predicate that would support an order from this Court on a TRO basis that would send United States Marshals into a state correction facility to seize what one party says is evidence in a civil case that might be destroyed by the other party. If there could ever be such a case, this is not it. If Plaintiff is able to demonstrate culpable spoilation of evidence by the Defendants, the law provides adequate remedies to protect his interest. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge (docket # 45), and DENIES Plaintiff's Motion for TRO.

**Report and Recommendation re Substantive Motions**

**A. State Police**

The Report and Recommendation recommends dismissal of claims against the State Police, and against Detective Stasiak in her official capacity based on the Eleventh Amendment prohibiting suits against the State. Plaintiff's objections reference the Eleventh Amendment at only one point (docket # 55 at 7) with an incorrect statement of law. This is followed by a rambling discourse on the alleged bankruptcy of the United States, and on the "true nature of Government [as] for profit insolvent undertaking." (*Id.* at 8.) Perhaps this is an attempt to respond to the Magistrate's Eleventh Amendment analysis. If so, it is entirely unavailing. The State of Michigan and its instrumentalities, including the State Police and its officers in their official capacities, are plainly entitled to Eleventh Amendment immunity.

The claim against Detective Stasiak in her individual capacity must also be dismissed, but for a different reason. As the Magistrate Judge properly noted, Plaintiff has not stated and cannot state against Detective Stasiak all of the elements necessary for a proper retaliation claim. This is because Detective Stasiak is simply the State Police officer assigned to investigate the complaint of sexual assault. She had and has nothing to do with Plaintiff's internal MDOC assignment to

5

administrative segregation. Nor is she in any position to retaliate against Plaintiff in any way. There is simply a disconnect between Plaintiff's theory of retaliation and Detective Stasiak's position. The Magistrate Judge pointed all this out, and Plaintiff has failed to address this in his objections. Moreover, the Court notes that any delay in Detective Stasiak's obtaining of a warrant for Plaintiff's DNA is really beside the point now that Plaintiff has pleaded guilty to an offense involving consensual, as opposed to forced, sexual contact. Regardless of whether the sexual contact was forced or consensual, Plaintiff's DNA was obviously going to be present. This is yet another insurmountable causation flaw in Plaintiff's allegations against Detective Stasiak.

### B. Exhaustion

The Magistrate Judge concluded that the MDOC Defendants had failed to articulate their exhaustion theory in a coherent, organized fashion, and had therefore waived their ability to rely on the defense in this round of motion practice. Defendants have not objected to this conclusion, and the Court sees no basis for a proper objection in any event. Accordingly, the Court will adopt the Magistrate Judge's conclusion on this point and deny the MDOC Defendants' Motion on exhaustion accordingly. The Court intends this ruling to be without prejudice to any timely and properly supported motion submitted by the MDOC Defendants on this issue at any time permitted by court rule. Because the Court is denying the motion at this time, however, the MDOC Defendants remaining in the case are required to file an Answer to Plaintiff's Complaint as required by Rule 12.

### C. Denial of Grievances

The balance of the MDOC Defendants' motion addresses those claims of the Plaintiff that assert liability based only on alleged denial by a named Defendant of a grievance. The Magistrate

Judge correctly notes that denial of a grievance, standing alone, fails to state a claim for any constitutional relief. Nothing in Plaintiff's objections comes to grips with this point. Accordingly, the Motion of the MDOC Defendants on this point must be granted.

### D. Plaintiff's Motion for Default Judgment

The Magistrate Judge properly concluded that Plaintiff's motion for default judgment against the MDOC Defendants had to be denied. No one ever asked for a clerk's entry of default against the MDOC Defendants. More importantly, no default could have entered in any event because all Defendants appeared and actively defended the action. Plaintiff's objections do not directly challenge this aspect of the Report and Recommendation. Accordingly, the Court adopts it.

### E. Rule 11

The Court finds that the MDOC Defendants' Motion for Rule 11 sanctions is procedurally and substantively flawed, and that a sanction of dismissal with prejudice would be excessive on this record, in any event. Accordingly, the Court does not adopt the Report and Recommendation on this issue. Instead, the Court denies the MDOC Defendants' Motion for Rule 11 sanctions.

The MDOC Defendants' Motion for Rule 11 sanctions is procedurally flawed in at least two respects. First, the record does not establish that the MDOC Defendants complied with the safe harbor provision of Rule 11(c)(2), which requires service of a warning motion on the opposing party at least 21 days before any filing with the Court. Here, the record indicates that the MDOC Defendants simply filed their Rule 11 motion with the Court in the first instance. Second, the MDOC Defendants filed their motion against a document that Plaintiff filed against the State Police Defendants, not the MDOC Defendants. Rule 11 should not be applied to give a party abstract

standing to challenge the validity of every document filed in a case, regardless of whether the filing is directed against it. This is especially true with respect to a document such as the one Plaintiff filed, that the Court would be precluded from considering on the State Police Defendants' Rule 12(b)(6) motion to dismiss in any event. Such a motion is judged strictly by the allegations of Plaintiff's Complaint, and so Plaintiff's affidavit and exhibits in response to the motion are legally immaterial.

But even if it were proper to consider the merits of the Rule 11 motion, the Court would conclude on this record that Plaintiff's filing did not violate Rule 11(b). Plaintiff filed an affidavit on January 21, 2009 asserting that as of that date he had never been "found guilty of any MDOC major misconduct for sexual and/or sexual assault since being incarcerated by the MDOC." (docket # 22 at ¶ 18.) This appears from the record to be a true statement. Plaintiff's conviction by guilty plea of a consensual sexual misconduct offense did not occur until March of 2009, after the filing of the affidavit. Moreover, even though Plaintiff filed in support of his factually true assertion a document that MDOC later determined to be a "forgery," it was not objectively misleading on this record. The document that Plaintiff submitted was not a completely fabricated document, but rather an authentic but incomplete document: in particular, it included only of the first paragraph of a two paragraph memorandum without an ellipses or other commonly accepted notation of redaction. Moreover, the omitted paragraph simply referenced the ongoing investigation into the charge of sexual assault–a matter that all parties and the Court already knew about since it triggered this lawsuit. Accordingly, it does not appear that Plaintiff's filing of the document–improperly redacted though it was–violated any the provisions of Rule 11(b), at least not without further record

development necessary to determine as a matter of fact whether Plaintiff filed the document with the affirmative intention of misleading the Court.

Finally, even if there were a finding of a specific violation of Rule 11(b), the Court does not believe a sanction dismissing all of Plaintiff's claims with prejudice would be appropriate on this record. Dismissal with prejudice as a Rule 11 sanction "is reserved for the rare case involving extreme misbehavior by the offending party, such as fraud, contempt, and willful bad faith." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336.3 (3d ed. 2004); *see Mitan v. Int'l Fidelity Ins. Co.*, 23 Fed. Appx. 292 (6th Cir. 2001) (court has inherent power to sanction misconduct by dismissing case with prejudice in *rare cases* involving *flagrant abuses*) (emphasis added). This is not such a case.

**Conclusion**

**ACCORDINGLY, IT IS ORDERED** that the Reports and Recommendations of the Magistrate Judge (docket # 45 and # 51 ) are approved and adopted as the opinion of the Court, as further supplemented by this Order, except with respect to the Rule 11 analysis and recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (docket # 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (docket # 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement (docket # 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the State Police Defendants' Motion to Dismiss (docket # 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that MDOC Defendants' Motion for Summary Judgment (docket # 25) is **GRANTED** as to Defendants Carpenter, Johnson, Stoddard and Armstrong, **GRANTED** as to Defendant McKee with respect to Plaintiff's claims regarding the denial of grievances, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that MDOC Defendants' Motion for Rule 11 Sanctions (docket # 34) is **DENIED**.

Dated:  September 21, 2009            /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE