UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SOLOMON,

        Plaintiff,

Case No. 1:08-cv-858

Hon. Robert J. Jonker

vs.

MICHIGAN STATE POLICE, *et al.*,

        Defendants.

_____/

**ORDER**

This matter is now before the court on five discovery-related motions filed by plaintiff: "Motion to take deposition of Michigan State Police and Jacquelyn Stasiak" (docket no. 74); "Motion to enlarge time to which to file interrogatories to defendant and request for document production" (docket no. 75); "Motion for leave to take deposition upon written questions of MDOC defendants and non-parties defendants" (docket no. 77); "Motion for an order compelling discovery" (docket no. 82); and "Plaintiff's motion for sanctions against defendants" (docket no. 84).

    **I.**    **Background**

The October 30, 2009 case management order stated in pertinent part as follows:

    **1.**    **Discovery:** All discovery proceedings shall be completed by March 1, 2010, and shall not continue beyond this date, subject to the following limitations:

    **a.)**    All written discovery requests must be served no later than thirty days before the close of discovery.

    **b.)**    No party may serve more than fifteen interrogatories, including discrete subparts.

> **c.)** No party may serve requests for the production of documents seeking more than five categories of documents.
>
> **d.)** No party may depose more than five fact witnesses without prior approval of the court.
>
> **e.)** Each party shall be responsible for its own costs incurred in discovery.

Case Management Order at pp. 1-2 (docket no. 66).

The record reflects that plaintiff did not pursue any discovery from the entry of the case management order on October 30, 2009 until sometime in February 2010. Shortly before the close of discovery, plaintiff filed two motions to take depositions and a motion for a 60-day extension of time to file interrogatories and requests for production of documents. After the close of discovery, plaintiff moved to compel defendants and former defendants to comply with approximately 382 separate discovery requests. Plaintiff also moved for sanctions against defendants due to an alleged failure to give proper notice of his deposition. Defendants filed a timely motion for summary judgment on March 15, 2010. *See* docket no. 85. Plaintiff filed a 119-page response to this motion, which included some 86 pages of exhibits. *See* docket no. 89.[1]

## II. Plaintiff's motions to perform discovery and an extension

On February 4, 2010, plaintiff moved to take the depositions of the "Michigan State Police" and Jacquelyn Stasiak, apparently on written questions. *See* docket no. 74.[2] On the same

---

[1] The court notes that plaintiff did not file an affidavit or declaration demonstrating that he could not present facts essential to justify his opposition to defendants' motion under Fed. R. Civ. P. 56(d).

[2] This motion was docketed on February 11, 2010. However, under the federal *pro se* prisoner mailbox rule, the court considers the motion filed as of February 4, 2010, the date plaintiff states he delivered the motion to the prison authorities to be forwarded to the court clerk. *See Scuba v. Brigano*, 527 F. 3d 479, 484 (6th Cir. 2007) (pro se prisoner's motion for an extension of time to file objections is subject to the prisoner mailbox rule); *Lyons-Bey v. Pennell*, 93 Fed. Appx. 732 (6th Cir. 2004) (pro se prisoner mailbox rule applied to response to motion to dismiss civil complaint).

date, plaintiff moved for a 60-day extension of time to file interrogatories and requests for production of documents, because he was suffering from a leg infection and pain which impaired his "ability to maintain conscious thought." *See* docket no. 75. Then, on February 9, 2010, plaintiff moved for leave to take depositions upon written questions of the MDOC defendants. *See* docket no. 77.

As an initial matter, these three motions are not properly before the court. Plaintiff is advised that this court grants relief to litigants through properly filed motions which: must be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and, state the relief sought. Fed. R. Civ. P. 7(b)(1). All motions filed in this court must be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). Plaintiff failed to file a supporting brief pursuant to W.D. Mich. LCivR 7.1(a). Plaintiff's status as a *pro se* litigant does not exempt him from following the applicable court rules. A *pro se* litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Experience has taught the court that adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Without supporting briefs, plaintiff's motions are nothing more than conclusory statements seeking relief. Plaintiff presents neither a legal or factual basis to support his claims. For this reason, plaintiff's motions will be denied.

Given that discovery is closed, the court should consider whether plaintiff is entitled to relief in spite of his failure to pursue discovery in a timely manner or to file appropriate motions in this court. Even if the court were to grant plaintiff's motion for an extension of time to serve interrogatories and requests for production (docket no. 75), the record reflects that plaintiff has sent out an excessive number of both types of discovery. The court finds no reason to grant plaintiff an extension of time to submit untimely, excessive, oppressive and improper discovery requests.

Plaintiff also seeks to take depositions on written questions pursuant to Fed. R. Civ. P. 31 of an undetermined number of witnesses, which he identifies as: former defendants "Michigan State Police," Jacquelyn Stasiak and the "MDOC defendants" (docket nos. 74 and 77). Plaintiff's motions are without merit because he does not need court approval to take these depositions. *See* Fed. R. Civ. P. 31(a)(2) (listing circumstances in which leave of court is required to submit depositions on written questions).

### III. Plaintiff's motion to compel discovery

On March 4, 2010, after the close of discovery, plaintiff moved to compel defendants to respond to his first set of interrogatories and request for production of documents. *See* docket no. 82. Plaintiff's motion to compel will be denied on two grounds. First, plaintiff served the interrogatories and requests for production of documents to defendants' counsel on February 24, 2010 and February 18, 2010, respectively. *See* Proofs of Service (docket nos. 79 and 81). Both of these discovery requests were untimely, being served less than thirty days before the March 1, 2010 discovery deadline.

Second, the interrogatories and requests for production far exceed the limits set forth in the case management order, which restricted each party to submitting 15 interrogatories and to

4

requesting 5 categories of documents. Here, plaintiff served 112 interrogatories as follows: defendant McKee (25); defendant Welton (25); defendant Wright (13); defendant Young (20); defendant MDOC (18); and former defendant Stasiak (11). *See* docket no. 82-2.

Plaintiff's requests for production are directed to defendants MDOC, Bellamy Creek Correctional Facility, McKee, Schooley, Welton, Wright and Young, as well as former defendants Michigan State Police, Johnson and Stasiak. *See* docket no. 82-3. Plaintiff seeks 27 categories of documents from each of these 10 parties and former parties, which results in 270 document requests. *Id.* Plaintiff's untimely and excessive written discovery requests are in blatant disregard for the discovery limits as set forth in the case management order and amount to an abuse of the judicial system.

Furthermore, plaintiff cannot seek to compel discovery directed against former defendants and non-parties Michigan State Police, Johnson and Stasiak. *See* Fed. R. Civ. P. 33(a)(1) (interrogatories are served on parties); *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D. N.Y. 2009) (non-party cannot be compelled to answer interrogatories). Accordingly, plaintiff's motion to compel (docket no. 82) will be denied.

### IV. Plaintiff's motion for sanctions

Plaintiff seeks various sanctions against defendants because he did not receive a timely deposition notice from defendants. *See* docket no. 84. This motion is not properly before the court because plaintiff did not file a supporting brief as required by the local court rules. *See* discussion in § II, *supra*. For this reason, his motion will be denied.

5

### V. Conclusion

For these reasons, plaintiff's "Motion to take deposition of Michigan State Police and Jacquelyn Stasiak" (docket no. 74), "Motion to enlarge time to which to file interrogatories to defendant and request for document production" (docket no. 75), "Motion for leave to take deposition upon written questions of MDOC defendants and non-parties defendants" (docket no. 77) and "Motion for an order compelling discovery" (docket no. 82) and "Plaintiff's motion for sanctions against defendants" (docket no. 84) are **DENIED**. The court may allow plaintiff to engage in limited discovery if necessary in the event this action survives defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 2, 2010              /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge